FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) RASHAD WILLIAMS  QC-3320 (JU1628) *Number had when incident occured*
    (Name of Plaintiff)    (Inmate Number)

SCI-FAYETTE 48 Overlocd dr LaBelle, PA 15450
    (Address)

(2) _____
    (Name of Plaintiff)    (Inmate Number)

    _____
    (Address)

(Each named party must be numbered,
and all names must be printed or typed)

_____
(Case Number)

vs.

CIVIL COMPLAINT

(1) John E. Wetzel
(2) Jane/John Doe(s) Director of S.P.C.
(3) Michael Oppman
    (Names of Defendants)   et Al

FILED
SCRANTON
APR 20 2020
PER _____
DEPUTY CLERK

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER:  ✓  42 U.S.C. § 1983 - STATE OFFICIALS
                    ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.  PREVIOUS LAWSUITS

    A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

    RASHAD WILLIAMS v. Delaware County Bd of Prison Inspectors, et. Al  19-2735

1

Cont,
Defendants

4. SANDRA CALLAWAY
Inmate Accounting @ SCI-Fayette
48 Overlook dr, LaBelle PA, 15450

5. Rhonda House
SCI-Fayette, Grievance Coordinator
48 Overlook Drive, LaBelle PA 15450

6. Mark Capozza
Warden @ SCI-Fayette
48 Overlook dr, LaBelle PA, 15450

7. Jane/John Doe Lieutenant
Central office
1920 Technology Parkway Mechanicsburg PA 17050

8. Jane/John Doe Mail Room Supervisor
@ SCI-Fayette
48 Overlook dr, LaBelle PA, 15450

9. Jane/John Doe former mailroom supervisor
@ SCI-Fayette
48 Overlook dr, LaBelle PA, 15450

10. Keri Moore, Assistant grievance officer
of ofc of Inm grievance & Appeals

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? 1st, 2nd AND 3rd Appeals

2. What was the result? Denied / Dismissed

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: John F. Wetzel
Employed as Secretary of PA at Dept of Corrections
Mailing address: 1920 Technology Parkway Mechanicsburg, PA 17050

(2) Name of second defendant: Jane/John Doe, Director, CEO etc
Employed as Director (etc)/CEO at Security Processing Center
Mailing address: 268 Bricker Rd, Bellefonte, PA 16823

(3) Name of third defendant: Michael Oppman
Employed as Business Manager at SCI-Fayette
Mailing address: 48 Overlook Dr., LaBelle, PA 15450

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. See Attachment

2. _____

3. _____

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. See Attachment

2. _____

3. _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __14__ day of __April__, 20__20__.

X _____
(Signature of Plaintiff)

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANA

Case No.

## *JURY TRIAL DEMANDED*

## *CIVIL ACTION COMPLAINT*

Rashad Williams,

Plaintiff

-v.s.-

1. John E. Wetzel, Secretary of Corrections, Pennsylvania Department of Corrrections;

2. Jane/John Doe(s) Director/CEO of Security Processing Center, (Bellefonte, Pennsylvania);

3. Michael Oppman, Business Manager, SCI-FAYETTE;

4. Sandra Callaway, Inmate Accounting, SCI-FAYETTE;

5. Rhonda House, Grievance Coordinator, SCI-FAYETTE;

1

6. Mark V. Capozza, Superintendent, SCI-FAYETTE;

7. Jane/John Doe, Lieutenant, Central Office;

8. Jane/John Doe, Mail Room, SCI-FAYETTE;

9. Jane Doe former Mailroom Supervisor, SCI-FAYETTE;

10. Keri Moore, Assistant Grievance Officer of Secretary's Office of Inmate Grievances and Appeals;

11. Dornia Varner, Chief Grievance Officer, Secretary's Office of Inmate Grievances and Appeals;

12. State Correctional Institution at Fayette.

---

TO THE HONORABLE JUDGE(S) OF SAID COURT:

## I. COMPLAINT

AND NOW COMES, Rashad Williams, Pro Se, and requests that this Honorable Court grant 'Relief' requested in this matter, and avers the following in support thereof:

## II. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983, 42 U.S.C. § 2000cc-et seq. 1 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1373(A)(3).

Plaintiff seeks declaratorly relief pursuant to 28 U.S.C. § 2201 and 2202.

Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure (FRCP).

2. United States District Court for the Middle District of Pennsylvania is an

2

appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occured.

PARTIES

### III. PLAINTIFF

3. Rashad Williams, is a Pennsylvania Department of Corrections Inmate currently housed at State Correctional Institution at Fayette ("SCIF").

### IV. DEFENDANTS

4. John E. Wetzel, Secretary of Pennsylvania Department of Correction;

5. Jane/John Doe(s) Director/CEO of Security Processing Center ("SPC") (Bellefonte, Pa.);

2. Jane/John Doe(s) Director/CEO of Security Processing Center, (Bellefonte, Pennsylvania);

3. Michael Oppman, Business Manager, SCI-FAYETTE;

4. Sandra Callaway, Inmate Accounting, SCI-FAYETTE;

5. Rhonda House, Grievance Coordinator, SCI-FAYETTE;

6. Mark V. Capozza, Superintendent, SCI-FAYETTE;

7. Jane/John Doe, Lieutenant, Central Office;

8. Jane/John Doe, Mail Room, SCI-FAYETTE;

9. Jane Doe former Mailroom Supervisor, SCI-FAYETTE;

10. Keri Moore, Assistant Grievance Officer of Secretary's Office of Inmate Grievances and Appeals;

11. Dornia Varner, Chief Grievance Officer, Secretary's Office of Inmate Grievances and Appeals;

12. State Correctional Institution at Fayette.

## V. EXHAUSTION OF AVAILABLE REMEDIES

Plaintiff exhausted his administriative remedies.

Each defendant is sued individuall and in his/her official capacity. At all times mentioned in this *Complaint* each defendant acted under the color of state law to deprive plaintiff of his Constitutional rights.

## VI. STATEMENT OF FACTS

1. On May 23, 2019, Inmate Accounting at State Correctional Institution-Fayette had deducted and processed $ 62.90 as requested, from Plaintiff's account for Religious/Islamic books from Islamic Book Store ("I.B.S.").

2. After approximately three (3) weeks, the book store sent Plaintiff an Invoice stating that the books were out of stock.

3. Plaintiff re-submitted a different selection of books.

4. After due time has elapsed, Plaintiff wrote the bookstore enquiring about his pre-paided books.

5. Islamic Book Store ("I.B.S.") responded back informing Plaintiff that the inquired books were sent/forwarded to Security Processing Center ("S.P.C.") (Bellefonte, Pa.) on August 05, 2019.

6. On August 29, 2019 Plaintiff submitted a Request to Staff (Business Manager Oppman) inquiring about his religious books that were ordered.

7. On September 12, 2019 Mr. Oppman on the sam Request to Staff responded with "books have not arrived yet."

8. In October, 2019, Plaintiff sent a missive/Complaint to Security

Processing Center, (cc: Business Manager, Superintnedent and Inmate Accounting) inquiring about said Religious books ordered.

9. On November 15, 2019 Plaintiff put Mr. Wetzel on notice about not receiving his misplaced, re-routed or theft of his religious books. On November 15, 2019 Plaintiff submitted A grievance (No.: 835100)

10. On November 21, 2019 Plaintiff received a denial response from grievance Coordinator, Rhonda House.

11. On November 22, 2019 Mr. Wetzel responded to Plaintiff with following the grievance procedure.

12. On Novemeber 21, 2019 Plaintiff filed grievance appeal to Mark V. Capozza, Superintendent.

13. On November 25, 2019 at approx. 0800 (8:00 a.m.) H-A Unit Counselor Susie Sherman had informed Plaintiff through a talk, that a Jane/John Doe L.T. from Central Office had e-mailed her, concerning Plaintiff books. The Jane/John Doe Lieutenant, said in the e-mail (according to Ms. Susie Sherman) that the Plaintiff has to 'contact' the book company/Store and security Processing Center.

14. On November 25, 2019 Plaintiff submitted a Request to Mr. Capozza enquiring/explaining about his books.

15. On December 05, 2019 Mr. Capozza responded with 'he'll forward what Plaintiff explained to (Jane Doe) Mail Room Supervisor.

16. In December, 2019 Mailroom Supervison (Name unlegible) responded with "if they (i.e. the Plaintiffs books) came here (SCI-FAYETTE'S Mailroom) I (Plaintiff) would have gotten them."

17. On December 05, 2019 Plaintiff submitted a second missive to Security Processing Center, inquiring about his property, yet again.

18. On December 17, 2019 Mr. Capozza dismissed Plaintiffs grievance as being **untimely**.

19. On the evening of December 17, 2019 Plaintiff submitted, the Final

5

Appeal to Chief Grievance Officer, as of January 31, 2020. Plaintiff has yet to receive a response.

20. On February 13, 2020 Plaintiff submitted a Criminal, Complaint against S.P.C. for theft, inter alia.

21. On February 28, 2020 Plaintiff received his final grievance response, Denied/Dismissed.

## VII. INADEQUATE OPPORTUNITY TO PRACTICE RELIGION

22. Defendant John E. Wetzel, violated Plaintiff's Religious Land Use and Institutionalized Persons Act (RLUIPA) by being cognizant through carbon copies of missives, complaints that Security Processing Center has **not** forwarded Plaintiff's Religious books.

23. Defendant(s) Jane/John Doe Director Exec's etc. of Security Processing Center, violated Plaintiff's Religious Land Use and Institutionalized Persons Act (RULIPA) by delaying the delivery of two (2) spirtual based books.

24. Defendant Michael Oppman (Business Manager) violated Plaintiff's Religious Land Use and Institutionalized Persons Act (RLUIPA) by further deprivement of religous books, after being cognizant through request to staff, missives/complaints that Security Processing Center did **NOT** forward Plaintiff's religious books.

25. Defendant Sandra Callaway (Inmate Accounting) violated Plaintiff's Religious Land Use and Institutionalized Persons Act (RLUIPA) by being cognizant through request to staff that Security Proecssing Center has **NOT** forwarded Plaintiff's, religious books.

26. Defendant Mark V. Capozza, violated Plaintiffs Religious Land Use and Institutionalized Persons Act (RLUIPA) by being cognizant through request to staff, missives, complaint(s) and grievances, that Security Processing Center has

**NOT** forwarded Plaintiffs religious books.

27. Defendant Rhonda House (Grievance Coordinator), violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through grievance that Security Processing Center has **NOT** forwarded Plaintiff's Religious books.

28. Defendant Jane/John Doe Lieutenant ,violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through Request to Staff, and defendant's own admission (via e-mail sent to SCI-FAYETTES H-A Unit Counselor Susie Sherman) that Security Processing Center has **NOT** forwarded Plaintiff's Religious books.

29. Defendant Jane/John Doe Mail Room Supervisor ,violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through forwarded Request to Staff, that Security Processing Center has **NOT** forwarded Plaintiff's Religious books.

30. Defendant Jane/John Doe FORMER Mailroom Supervior ,violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through Request to Staff, that Security Processing Center has **NOT** forwarded Plaintiff's Religious books.

31. Defendant Keri Moore, Assistant Grievance Officer (Inmate Grievance and Appeals), violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through grievances and appeals that, that Security Processing Center has **NOT** forwarded Plaintiff's Religious books.

32. Dorina Varner, violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) by being cogizant through grievances and appeals that, that Security Processing Center's actions and inactions and through Keri Moore acting on behalf of defendant.

33. Defendant STATE CORRECTIONAL INSTITUTION-FAYETTE, violated Plaintiff's RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA) because its where the initial transaction took place at.

34. All defendants violated Plaintiff's First (1st) and Fourteenth (14th) Amendments by knowingly depriving spiritual based books which provided Religious instruction to practice upon the ORTHODOXY precepts of Islam. *See;* **Robinson v. Department of Correction, 2007-WL-2107172 *3 (N.D. F.H., 07-13-2017)**.

35. All defendants denied Plaintiff the access to these books which substantially burdened Plaintiff's Religious exercise because Plaintiff's part of a small congregation/community of Sunni (i.e. those who adhere to a Math-Hab/A particualr way, Hanafi/Orthodox) Muslims who do **NOT** follow/ascribed to) the overwhelming understanding of Salafi Muslims in SCI-FAYETTE (Pa. DOC's).

36. All defendants denied Plaintiff's Free Exercise of religion by depriving Plaintiff spiritual materials of his ilk which provides Religious Instruction According to the Hanafi Math-Hab (Jurisprudence) and without which Plaintiff could not adequately practice the precepts of his religion. *See;* **Sutton v. Rasheed, 323 F.3d 236, 252-54 (3d Cir. 2003)**.

37. The deprivement of Sunni-Orthodox books substantially burden Plaintiff's Religious rights by forcing him to read Non-Sunni books, pamplets and/or periodicals of the Salafi persuasion.

38. The Plaintiff has been subjected to intential discrimination on the basis of his understanding of classical (Sunni/Orthodox) Islam. Throughout the Pa. Department of Correction, it is well known that Salafi Clergy and Salafi Muslims are the overwhelming majority and their teachings comes from Salafi Materials.

## CLAIMS FOR RELIEF

8

39. The negligence of defendants, Security Processing Center, Mark Capozza, Rhonda House, Michael Oppman, sandra Calloway, and John E. Wetzel, to follow up on Plaintiff's pre-paided Religious Boks after being cognizant that ("SPC") did **NOT** forward Plaintiff's property, constituted deliberate indifference to Plaintiff's Religious needs.

40. All Defendants violated Plaintiff's First (1st) and Fourteenth (14th) Amendments Rights in retaliation for filing grievances, and litigation in State and Federal Court, which included deprivement of religious materials, Access to the Courts, and right to redress grievance(s).

41. All defendants arbitrarily and unreasonably deprived Plaintiff of his property without giving Plaintiff a hearing or affording Plaintiff a sufficient post-deprivation remedy.

WHEREAS, all defendants violated Plaintiff's RULIPA ( 42 U.S.C.S. § 2000 cc.1 et seq. The First (1st) Amendment free exercise rights, and Fourteenth (14th) Amendment Rights to Equal Protection.

WHEREAS, all defendants infrigned Plaintiff's First (1st) Amendment right.

WHEREAS, all defendants censorship of Plaintiffs and other similiarly situated inmates, premissed on PlaintiffsRreligion.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, request that this Honorable Court grant the following relief:

A. Declare that all defendants violated Plaintiffs First (1st) amendment Free Exercise of Religion, and RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA).

B. Declare that all Defendants violated Plaintiffs Rights under the Due Process Clause of the Fourteenth (14th) Amendment.

C. Award **COMPENSATORY** damages in the following amounts:

1. One Thousand Dollars ($ 1, 000.00) against each defendant jointly and severally, plus the appropriate pre and post-judgment interest rate.

2. Award **PUNITIVE** damages in the following amounts:

Five Thousand ( $ 5, 000.00) against each defendant jointly and severally, plus the appropriate pre- and post-judgment interest rate.

## INJUNCTIVE

3. Issue and immediate Order, directing that Pennsylvania, Department of Corrections, Security Procesing Center, process, expedite, and deliver Plaintiff's Religious books.

Grant Plaintiff such relief as it amy appear Plaintiff is entitled to.

Dated: This _____ day of March, 2020

**Respectfully Submitted,**

_____
Rashad Williams
Plaintiff, Pro Se


Rashad Williams JU-1628
SCI-FAYETTE
48 Overlook Drive
La Belle, Pennsylvania
         15450

10

RASHAD/Melvin Williams
SCI Fayette
48 Overlook dr.
LaBelle, PA 15450

RECEIVED
SCRANTON
APR 20 2020
PER _____
DEPUTY CLERK

U.S. D[istrict]
Middle district
William J. Nea[ls]
235 N. Washin[gton]
Scranton, P[A]

LEGAL
MAIL